UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| THIRD WAVE FARMS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:20-CV-69-REW-HAI |
| | ) | |
| v. | ) | |
| | ) | OPINION & ORDER |
| PURE VALLEY SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Plaintiff Third Wave Farms, LLC ("Third Wave") seeks a declaratory judgment regarding rights and duties under a CBD-oil supply contract between it and Defendant Pure Valley Solutions, LLC ("Pure Valley"). DE 1. Pure Valley moves to dismiss this matter, or alternatively for transfer to the United States District Court for the District of Oregon, Portland Division. DE 11.[1] Third Wave responded, objecting to the motion. DE 22. Pure Valley replied. DE 26. Prior to a ruling, however, Third Wave filed Chapter 7 bankruptcy in this District (DE 27), and the Court stayed the case, pursuant to 11 U.S.C. § 362. DE 28. Third Wave's bankruptcy proceedings concluded on March 12, 2021 (DE 30-1 at 5), and Pure Valley moved the Court to lift the stay and re-docket its motion to dismiss (DE 30). The Court has done so. DE 33; DE 34. Pure Valley's motion to dismiss now stands fully briefed and ready for decision. Third Wave has tried to invoke but failed to prove a basis for the Court's subject matter jurisdiction; the Court thus dismisses the case.

The case centers on a contract fight between Third Wave and CBD-oil producer Pure Valley. In its Complaint, Third Wave asserts subject matter jurisdiction on the basis of diversity

---

[1] This motion has been re-docketed as DE 34.

1

of citizenship under 28 U.S.C. § 1332(a). DE 1 at 1–2. Diversity jurisdiction exists where there is complete diversity among the parties and the amount in controversy exceeds $75,000.[2] 28 U.S.C. § 1332(a); *Caterpillar Inc. v. Lewis*, 117 S. Ct. 467, 472 (1996). Pure Valley challenges both the sufficiency of the Complaint and the facts underlying Third Wave's claim that diversity jurisdiction exists. The rubrics are clear:

> A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack). *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir.1994). A facial attack goes to the question of whether the plaintiff has alleged a basis for subject matter jurisdiction, and the court takes the allegations of the complaint as true for purposes of Rule 12(b)(1) analysis. *Id.*
>
> A factual attack challenges the factual existence of subject matter jurisdiction. In the case of a factual attack, a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case. *Id.* Plaintiff bears the burden of establishing that subject matter jurisdiction exists.

*Cartwright v. Garner*, 751 F.3d 752, 759–60 (6th Cir. 2014).

The Court first addresses the facial challenge. "In reviewing such a facial attack, a trial court takes the allegations in the complaint as true[.]" *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). In the Complaint's "Jurisdiction" section, Third Wave states, in a conclusory manner, that the parties are citizens of different states, without any substantiating factual assertions. DE 1 at 1–2 (Complaint ¶ 2). In the "Facts Common to All Claims" section, Third Wave states that it is a Kentucky LLC and that Pure Valley is an Oregon LLC (and thus, that the two are diverse). *Id.* at 2 (Complaint ¶¶ 4–5). Nowhere in the Complaint does Third Wave address the membership of the LLCs, which is the citizenship metric for purposes of diversity jurisdiction. *See Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009)

---

[2] The dispute, per the contract terms, easily meets the amount-in-controversy mark.

("When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company."). The Complaint does not adequately allege a basis for the Court's jurisdiction.

That said, Pure Valley joined the issue by the filing of DE 11. Third Wave responded in an effort to clarify the jurisdictional basis. To avoid an unduly technical approach, given the values behind § 1653, the Court will assess whether the record as a whole establishes jurisdiction, a topic Third Wave faces the burden on by a preponderance of the evidence. Essentially, Third Wave contends that its sole member is Third Wave Farms, Inc., a "Maine registered corporation[,]" diverse from Pure Valley, and that subject matter jurisdiction exists.[3] DE 22, at 1.

Third Wave must adduce competent proof of the necessary jurisdictional facts. It adequately establishes Maine organization, but this is half of the equation. A corporation is a citizen where "incorporated" and "where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "[A] principal place of business is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. . . And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the nerve center,

---

[3] The Court has taken a close look at the LLC membership issue. Third Wave provides an affidavit from its Maine lawyer substantiating that the corporation became the sole member in early 2019. DE 22-2 (Krakowka Aff. ¶¶ 8–9). This assertion conflicts with a Kentucky filing by Third Wave in late 2019, which the lawyer tries to explain away by saying that "Plaintiff intended to amend the record of ownership to TWF, Inc but has not yet done so". *Id.* ¶ 13. The lawyer's statement was prepared in May 2020. The records of the bankruptcy court in this District indicate that Third Wave has continued, through at least December 2020, to describe its membership as made up of the same individual members. *See, e.g.*, *In re Third Wave Farms, LLC*, No. 20-bk-61239-grs, E.C.F. No. 14 (Bankr. E.D. Ky. Dec. 18, 2020) (listing Trent Paasch, Michael Lewis, and David Eben as Members of Third Wave Farms, LLC). The disconnect is troubling, but the Court will analyze the matter under the theory Third Wave here verifies and treat Third Wave Farms, Inc. as the sole member at the time of filing in this case.

and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192–93 (2010) (internal quotation marks omitted). Third Wave's showing is entirely within ¶ 20 of DE 22:

> Plaintiff is a limited liability company whose sole member is TWF, Inc. As established above, TWF, Inc. is a Maine company that was incorporated in Maine, with its principal place of business in Maine, and its registered agent in Maine. . . . Just as Defendant argues that due to the sole member of Defendant being Bill L. Rose, L.L.C. that Defendant is an Oregon company, so too does it follow that Plaintiff is a Maine corporation.

DE 22 ¶ 20. The paragraph is a study in non sequiturs. First, Plaintiff did not in any way "establish" that Maine is or was the principal place of business for TWF. The prior discussion dealt only with corporate formation. TWF has a lawyer who formed the company under Maine's laws. The record does not support a finding that any other corporate activity occurred or occurs in Maine. As stated above, a corporation's principal place of business is its "nerve center" the "place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp.*, 130 S. Ct. at 1192–93. This is a true, operational HQ, not simply an office for occasional Board meetings. *See id.*

Further, the reference to the structure of Pure Valley offers no help. Third Wave defaulted in the duty, but Pure Valley traced its member-citizenship through a holding LLC all the way to the domiciles of its individual sub-members. Such tracing is exactly what the law requires. *See Delay*, 585 F.3d at 1005 ("And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well."). Pure Valley does not have a corporation in the mix, so Third Wave's effort to twin the defense construction is of no avail.

Thus, Third Wave offers no proof that Maine is (or relevantly, was) the member corporation's principal place of business. This is a burden dereliction. The effect? The Court cannot and will not simply presume which of the other places of Third Wave activity would qualify. The quite concrete problem is that Oregon itself is a strong candidate for the title. The record convincingly suggests that Third Wave Farms, Inc. President/CEO and Secretary Trent Paasch lived in Oregon at all times relevant to company formation and since. Although his precise current status is not evident, corporate filings through most of late 2019 (in states including California, Indiana, Colorado, and Maine) indicated that Paasch was CEO/President and Secretary of TWF, Inc. with an Oregon residential address. *See* DE 26-1 (filings from each state). The materials in the record depict Paasch as fully in charge. Given that the California presence of TWF may be but a generic office, the plain inference is that Paasch is running things from his likely state of residence, Oregon. Not to oversimplify, but if TWF, Inc. primarily operates as an entity of people or on paper, the nerve center likely hews to the situs of the decisionmakers. Paasch is a director, holds at least two primary corporate officer positions, and is one of two main shareholders. Oregon as the principal place of business is a conclusion no less likely than any of the other locational contenders. *See Hertz Corp.*, 130 S. Ct. at 1194 (providing that, where "the bulk of a company's business activities visible to the public take place in" another state, the principal place of business is where "its top officers direct those activities"); *Pegasus Indus., Inc. v. Martinrea Heavy Stampings, Inc.*, No. 3:16-CV-00024-GFVT, 2016 WL 3043143, at *3 (E.D. Ky. May 27, 2016) ("While the Defendant maintains employees and conducts a metal manufacturing business in Shelbyville just as the Plaintiff contends[], significant corporate policy and oversight decisions are made from Vaughan, Ontario. Vaughan, therefore, is the nerve center pursuant to the *Hertz* test.") (internal citation omitted); *See Certex USA, Inc. v. Vidal*, No. 09-

61818-CIV, 2010 WL 2942441, at *4 (S.D. Fla. Feb. 8, 2010) ("The nerve center test points to a principal place of business in either Arizona or Texas because, according to Certex's website, those states are where its headquarters are located, and where its president, CEO, CFO, and controller are located"); cf. *Maggio-Onorato & Assocs., Inc. v. AEGON N.V.*, 104 F. Supp. 2d 518, 521 (D. Md. 2000) (CEO and President describing corporate HQ as "where I happen to be").

It is Third Wave that must show diversity of citizenship. Plaintiff has failed in the endeavor. The Court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). By ignoring the principal place of business rubric, and by offering no proof of Maine as the member corporation's nerve center, the Court finds the jurisdictional showing factually insufficient.

Accordingly, the Court **GRANTS** DE 34. The Complaint is dismissed without prejudice for lack of subject matter jurisdiction.[4] The Court will issue a separate Judgment.

This the 23rd day of June, 2021.

Signed By:
*Robert E. Wier* REW
United States District Judge

---

[4] Given the threshold jurisdictional ruling, the Court will not limn or resolve the significant personal jurisdiction questions Pure Valley raises.